UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| VOGUE TOWER PARTNERS VII, LLC, <br><br> Plaintiff, <br><br> v. <br><br> the CITY OF ELIZABETHTON, TENNESSEE, the ELIZABETHTON BOARD OF ZONING APPEALS, and the CITY OF ELIZABETHTON PLANNING COMMISSION, <br><br> Defendants. | No. _____ |

**COMPLAINT FOR EXPEDITED DECLARATORY AND INJUNCTIVE RELIEF**

**Summary**

Under 47 U.S.C. § 332 and other applicable law, Plaintiff Vogue Tower Partners VII, LLC files this action against the City of Elizabethton, Tennessee, the Elizabethton Board of Zoning Appeals, and the Elizabethton Planning Commission (collectively, the "City") for injunctive relief. Vogue requests this relief on an expedited basis under 47 U.S.C. § 332(c)(7)(B)(v).

This action arises out of the City's wrongful denial of Vogue's application to construct and operate a telecommunications tower at 301 North Lynn Avenue in Elizabethton. The proposed tower will remedy a significant cellular coverage gap in the surrounding area, and it will also densify and improve existing network capabilities. At least one wireless carrier intends to utilize this proposed facility to improve its coverage so that it can fairly compete with other carriers in the area. The facility will be able to

accommodate other carriers that also desire to improve and expand their coverage, capabilities, and services.

A thorough and good-faith search confirmed that there are no feasible alternative locations on which the proposed tower can be built. The proposed site at 301 North Lynn Avenue is the least intrusive option that will remedy the coverage gap in the surrounding area and that will allow wireless carriers to densify and improve their services in that area.

The City's denial of Vogue's application violates federal law, specifically 47 U.S.C. §§ 253(a) and 332(c)(7) of the Telecommunications Act of 1996 (the "Telecom Act"), because the denial: (1) was not supported by substantial evidence contained in a written record; and (2) prohibits or effectively prohibits wireless service in the vicinity of the proposed facility. The City's denial also violates Tennessee law because it excludes telecommunications facilities and because the denial was illegal, arbitrary, capricious, and not supported by material evidence.

Vogue therefore requests that this Court issue all appropriate relief on an expedited basis that will confirm Vogue's rights under the Telecom Act and applicable Tennessee law. Vogue also requests that the Court issue a permanent injunction ordering the City: (1) to grant Vogue's application to construct the proposed facility; and (2) to issue all permits and authorizations necessary for Vogue to construct the proposed facility.

**Parties**

1. Vogue Tower Partners VII, LLC is a Tennessee limited-liability company with its principal place of business located in Chattanooga, Tennessee. Vogue, on behalf of itself and its affiliates, constructs, owns, and manages wireless telecommunications facilities

that are used by telecommunications carriers to provide voice, data, internet, and other wireless services to consumers in Tennessee and throughout the country.

2. The City of Elizabethton is a governmental body existing under Tennessee law and may be served with process through its attorney or its Mayor Curt Alexander, 136 South Sycamore Street, Elizabethton, TN 37643.

3. The Elizabethton Board of Zoning Appeals is a governmental body existing under Tennessee law and may be served with process through its Chair, Paul Bellamy, 136 South Sycamore Street, Elizabethton, TN 37643.

4. The Elizabethton Planning Commission is a governmental body existing under Tennessee law and may be served with process through its Chair, Paul Bellamy, 136 South Sycamore Street, Elizabethton, TN 37643.

## Jurisdiction and Venue

5. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331, because this action involves federal questions arising under the Telecommunications Act of 1996, specifically 47 U.S.C. §§ 253(a) and 332(c)(7).

6. This Court has authority to issue declaratory relief under 28 U.S.C. § 2201(a).

7. This Court has supplemental jurisdiction over Vogue's state law claims under 28 U.S.C. § 1367.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b), because the Defendants reside in this District; because a substantial part of property that is the subject of this action is situated in this District; and because a substantial part of the events or omissions giving rise to the action occurred in this District.

## Facts

A. **Federal Control and Supremacy over Wireless Telecommunication Facility Siting**

9. The Telecommunications Act of 1996 (the "Telecom Act") governs federal, state, and local governmental regulation of the siting of personal wireless service facilities such as the one at issue in this case.

10. The Telecom Act further provides that any person adversely affected by a state or local government's act, or failure to act, that is inconsistent with 47 U.S.C. § 332(c)(7) may seek review in federal court and that the court shall hear and decide the action on an expedited basis.

B. **Vogue and the Wireless Communications Industry**

11. Vogue, on behalf of itself and its affiliates, constructs, owns, and manages wireless communications facilities in Tennessee and elsewhere in the country. Vogue leases space on its facilities to regional and national wireless carriers that provide personal and advanced wireless services, as well as other telecommunications services, as those terms are defined under federal law, to end-user wireless consumers. In providing this valuable service to wireless carriers, Vogue is facilitating the development and deployment of advanced wireless and broadband connectivity consistent with the goals of the Telecom Act. Vogue also provides space on its facilities free of charge to federal, state, and local first responders, law enforcement, and public safety agencies.

12. Federal law establishes a national policy to "make available, so far as possible, to all people of the United States, without discrimination . . . a rapid, efficient, nationwide, and world-wide wire and radio communication service with adequate facilities

at reasonable charges, for the purpose of national defense, [and] for the purpose of promoting safety of life and property through the use of wire and radio communication…." 47 U.S.C. §151.

13. To advance this national policy, Vogue constructs towers and other wireless facilities that allow wireless carriers to create, maintain, densify, expand, and improve wireless telecommunications networks.

14. To provide reliable service to a user, coverage from cell sites must overlap in a grid pattern resembling a honeycomb. If Vogue is unable to construct a cell site within a specific geographic area, the wireless carriers it serves will not be able to provide reliable service to the consumers within that area.

15. To determine where a new wireless facility is required, radio-frequency engineers use various techniques, such as sophisticated computer programs and field testing, to complete a propagation study, which show where cell sites need to be located in order to provide service. The propagation study also takes into account the topography of the land, the coverage boundaries of neighboring cell sites, and other factors. For a wireless network to perform as intended, cell sites must be located, constructed, and operated so that reliable service can be achieved. If there is no functioning cell site within a given area, there will be no reliable service for customers within that area, and customers who live in or travel through the area will experience an unacceptable level of dropped calls and call-connection failures.

### C. The Proposed Facility, Vogue's Application, and the City's Wrongful Denial of Vogue's Application

16. Based upon its research and knowledge, Vogue has determined that a wireless carrier is experiencing inadequate wireless coverage in the area in and around 301 North Lynn Avenue in Elizabethton.

17. That carrier has determined that the inadequate coverage must be remedied for the carrier to provide effective and adequate service to its customers in the surrounding area and so that the carrier can fairly compete with other carriers in the surrounding market.

18. As explained below in more detail, Vogue intends to construct a facility at 301 North Lynn Avenue so that this carrier can remedy a significant cellular coverage gap in the surrounding area and densify and improve its existing network capabilities. If constructed, this proposed facility will contain additional capacity so that other carriers may also improve and expand their network capabilities to better serve their customers in this same area.

19. 301 North Lynn Avenue is owned by a private third party that has agreed to allow Vogue to construct the proposed facility there.

20. Vogue, with the assistance of site acquisition agents representing the wireless carrier, investigated properties within the surrounding area, referred to as the "search ring," that might be suitable for a wireless telecommunications facility. Among other requirements, a suitable site must be sufficiently close to the area experiencing inadequate coverage, must be of a sufficient height and topography to provide adequate coverage within the affected area, must be leasable, and must be constructable.

21. The investigation of potential sites in the search ring revealed that: (1) there were no existing telecommunications facilities within the search ring that had additional

capacity or that were otherwise suitable to remedy the carrier's inadequate coverage; and (2) 301 North Lynn Avenue was the only site suitable for construction of a telecommunications facility that would remedy the inadequate coverage and improve and expand the carrier's network capabilities.

22. On March 3, 2022, Vogue filed its application and supporting materials requesting permission to construct the proposed telecommunications facility at 301 North Lynn Avenue (the "Application").

23. In a report dated April 1, 2022, the Elizabethton Planning Commission recommended that the Board of Zoning Appeals (the "BZA") deny Vogue's Application.

24. On April 7, 2022, the BZA held a public hearing on Vogue's Application.

25. Vogue appeared with its legal counsel and explained why the BZA should grant its Application. In addition to materials entered into the written record and statements from Vogue's counsel, Vogue presented testimony from its Chief Executive Officer in support of its Application.

26. Among the points Vogue established were:

    a. Propagation maps prepared by the carrier showing the carrier's currently inadequate coverage versus the improved and enhanced coverage that would result if the proposed facility was constructed;

    b. Vogue's good-faith efforts to search for and consider alternative sites on which a facility could be constructed;

    c. Why Vogue's proposed facility at 301 North Lynn Avenue would be the least-intrusive way to remedy the carrier's coverage gap; and

d. There is no property within the relevant search ring on which a suitable wireless facility could be built that would satisfy all requirements of the City's Ordinance governing such facilities.

27. During the hearing, members of the BZA agreed with Vogue that there was a wireless coverage gap in the vicinity surrounding the proposed facility and that it was desirable to remedy that gap.

28. Despite this, the BZA denied Vogue's Application.

### Count 1 – Failure to Support Denial with Substantial Evidence
### 47 U.S.C. § 332(c)(7)(B)(iii)

29. Vogue incorporates by reference the preceding paragraphs of this Complaint.

30. Pursuant to 47 U.S.C. § 332(c)(7)(B)(iii), "[a]ny decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record."

31. The City's denial of Vogue's Application on April 7, 2022 was not supported by substantial evidence contained in a written record.

32. Among other errors and abuses of discretion, the City:

   a. did not provide in writing the reasons why it denied Vogue's Application;

   b. misinterpreted and misapplied Tenn. Code Ann. § 13-7-207, which grants certain powers to municipal boards of appeals;

   c. ignored the controlling provisions of the Telecom Act, namely Sections 253(a) and 332; and

   d. ignored the mandates of Tenn. Code Ann. § 13-24-301 *et seq*.

33. Consequently, the City's denial of Vogue's Application violates, and should be preempted by, Section 332(c)(7)(B)(iii) and should be set aside and reversed.

**Count 2 – Prohibition of Telecommunications Service and Personal Wireless Services**

**47 U.S.C. §§ 253(a) and 332(c)(7)(B)(i)**

34. Vogue incorporates by reference the preceding paragraphs of this Complaint.

35. 47 U.S.C. § 253(a) says "[n]o State or local statute or regulation, or other State or local legal requirement, may prohibit or have the effect of prohibiting the ability of any entity to provide any interstate or intrastate telecommunications service."

36. 47 U.S.C. § 332(c)(7)(B)(i)(II) says that state and local regulation of personal wireless service facilities "shall not prohibit or have the effect of prohibiting the provision of personal wireless services."

37. The wireless carrier that has committed to occupying space on Vogue's proposed facility is experiencing a significant gap in coverage in and around the proposed facility. The carrier intends to use the proposed facility for reasons that include, but are not necessarily limited to: (1) remedying the coverage gap; (2) densifying its network; and (3) otherwise improving service capabilities.

38. The City agrees that this coverage gap exists and should be remedied.

39. Vogue made a good-faith effort to explore and to review locations other than 301 North Lynn Avenue that might serve as a suitable alternative to remedy the carrier's coverage gap and to otherwise improve and enhance the carrier's network capabilities. Despite those efforts, 301 North Lynn Avenue is the only suitable site within the search ring

that can achieve those objectives, and 301 North Lynn Avenue is the least intrusive of all the candidate sites.

40. As Vogue explained at April 7 hearing before the BZA, the City's Ordinance is so restrictive and unreasonable that there does not appear to be a single property within the search ring on which a cell tower could be built that would satisfy all of the requirements of the Ordinance, particularly the Ordinance's setback requirements.

41. The City's Ordinance is therefore an undue and unreasonable restriction that has the effect of prohibiting the provision of personal wireless services in violation of Section 332(c)(7)(B)(i)(II) and Section 253(a).

42. The City's misinterpretation and misapplication of Tenn. Code Ann. § 13-7-207(3) also has the effect of prohibiting the provision of personal wireless services in violation of Section 332(c)(7)(B)(i)(II) and Section 253(a).

43. The City's denial of Vogue's Application has the effect of prohibiting the provision of personal wireless services in violation of Section 332(c)(7)(B)(i)(II) and Section 253(a).

44. Consequently, the City's Ordinance violates and is preempted by the Telecom Act. The City's denial of Vogue's Application should therefore be set aside and reversed.

<u>**Count 3 – Declaratory Judgment**</u>

**28 U.S.C. § 2201(a)**

45. Vogue incorporates by reference the preceding paragraphs of this Complaint.

46. The Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), states that "[i]n a case of actual controversy within its jurisdiction," the Court may "declare the rights and

other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

47. As explained above, there exists an actual, present, and justiciable controversy between Vogue and the City regarding: (a) the proper interpretation and application of the Telecom Act, Tennessee law, and the City's Ordinance to Vogue's Application; and (b) Vogue's rights under those laws.

48. Vogue seeks a declaratory judgment from this Court that the City's denial of Vogue's application is unlawful and should be set aside and reversed.

### Count 4 – Exclusion of Location
### Tenn. Code Ann. § 13-24-301 *et seq.*

49. Vogue incorporates by reference the preceding paragraphs of this Complaint.

50. Tenn. Code Ann. § 13-24-301 states that "no municipal, county or regional planning commission or any municipal or town legislative body shall, by ordinance or otherwise, exclude the location or relocation of any facility used to provide telephone or telegraph services to the public."

51. The City's Ordinance governing construction of new cell towers is unduly burdensome and restrictive to the point that it constitutes an exclusion of telecommunications facilities, like the one proposed in Vogue's Application, within the search ring and elsewhere.

52. The City's misinterpretation and misapplication of Tenn. Code Ann. § 13-7-207(3) also has the effect of excluding the location of telecommunications facilities, like the one proposed in Vogue's Application, within the search ring and elsewhere.

53. The City's denial of Vogue's Application constitutes an exclusion of the location of a proposed telecommunications tower that would be used to provide telephone services to the public, and the wrongful denial otherwise constitutes action in excess of the City's jurisdiction as granted to it by Tennessee law.

54. Consequently, the Town's denial of Vogue's application violates Tenn. Code Ann. § 13-24-301 *et seq.* and should be set aside and reversed.

### Count 5 – Arbitrary, Capricious, and Illegal Action

55. Vogue incorporates by reference the preceding paragraphs of this Complaint.

56. The City's denial of Vogue's Application was arbitrary, capricious, and otherwise in error because, among other things, that denial:

   a. was based on an Ordinance that effectively prohibits the provision of wireless services in violation of federal and Tennessee law;

   b. misinterpreted and misapplied Tenn. Code Ann. § 13-7-207;

   c. ignored the controlling provisions of the Telecom Act, namely Sections 253(a) and 332;

   d. ignored the mandates of Tenn. Code Ann. § 13-24-301 *et seq.*;

   e. has the effect of prohibiting or otherwise unreasonably restricting the deployment and provision of wireless telecommunication facilities in the search ring, as well as in the City more broadly; and

   f. The additional bases set forth in the foregoing paragraphs of this Complaint.

57. As a result, the City's denial of Vogue's Application was arbitrary, capricious, illegal, and in excess of its lawful jurisdiction. The Court should therefore declare that denial null and void and order that the Vogue's Application be granted.

## Count 6 – Injunctive Relief

58. Vogue incorporates by reference the preceding paragraphs of this Complaint.

59. The City's denial of Vogue's Application has violated Vogue's rights under the Telecom Act and Tennessee law.

60. The City's actions have harmed Vogue and will continue to harm Vogue unless corrected.

61. In addition to the other relief sought herein, Vogue requests that the Court award all injunctive relief necessary to implement and vindicate Vogue's rights under the Telecom Act and Tennessee law. Such injunctive relief includes, but is not necessarily limited to, the following:

   a. order that the City's Ordinance violates and is preempted by the Telecom Act and Tennessee law;

   b. order that the City's denial of Vogue's Application be set aside, declared void, and reversed;

   c. order that the City properly interpret and apply the Telecom Act, Tennessee law, and its Ordinance to Vogue's Application as described herein;

   d. order the City and any other municipal body or official acting in concert with it to grant Vogue's Application to construct the proposed facility;

e. order the City and any other municipal body or official acting in concert with it to issue all permits and authorizations necessary for Vogue to construct the proposed facility; and

f. order all other relief necessary to effectuate and vindicate Vogue's rights under applicable law.

WHEREFORE, Vogue respectfully requests that the Court grant the following relief:

1. That this action be resolved on an expedited basis pursuant to 47 U.S.C. § 332(c)(7)(B)(v);

2. That the City compile and submit a complete copy of the entire administrative record relating to Vogue's Application including, but not limited to: all applications, submissions, reports, exhibits, evidence, statements, recordings, transcripts, minutes, communications, decisions, writings, and other documents and materials, so that the parties and the Court may conduct an effective review of the City's denial of Vogue's Application;

3. That the Court enter a judgment declaring the City's Ordinance violates and is preempted by the Telecom Act and Tennessee law;

4. That the Court enter a judgment that the City's denial of Vogue's Application violated Sections 253(a) and 332(c)(7) of the Telecom Act and is thus null and void, and should be reversed;

5. That the Court enter a judgment that the City's denial of Vogue's Application violated Tennessee law and is thus null and void, and should be reversed;

6. That the Court issue a permanent injunction and enter an order requiring the City and all those acting in concert with it to: (a) set aside their denial of Vogue's Application; (b) grant Vogue's Application; and (d) issue all permits and authorizations necessary for Vogue to construct the proposed facility;

7. That the Court grant Vogue its reasonable attorneys' fees pursuant to Tenn. Code Ann. § 29-37-101, *et seq*. and other applicable law;

8. That the Court tax all costs against the City; and

9. That the Court grant Vogue such other further relief as is just and proper.

Respectfully submitted this 6th day of May, 2022.

CHAMBLISS, BAHNER & STOPHEL, P.C.

By: */s/ Bradley M. Davis*
Bradley M. Davis, BPR No. 023988
Liberty Tower, Suite 1700
605 Chestnut Street
Chattanooga, Tennessee 37450
Telephone: (423) 756-3000
Facsimile: (423) 508-1291
bdavis@chamblisslaw.com

*Counsel for Plaintiff Vogue Tower Partners VII, LLC*